**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

WILLIAM ARMSTRONG,

    Plaintiff,

v.                                                Case No: 5:15-cv-303-Oc-30PRL

UNITED STATES OF AMERICA,
et al.,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court sua sponte. Plaintiff, who is proceeding pro se, filed a complaint on June 17, 2015, raising numerous grievances about a state-court proceeding regarding Plaintiff's obligation to pay child support. Plaintiff names as defendants various state and federal parties, including state and federal agencies, judges, attorneys, and government employees.[1] Plaintiff alleges that Defendants have violated his rights under the First, Fourth, Fifth, Eighth, Ninth, and Thirteenth Amendments, and he requests that the Court (1) require "agencies" to disclose information; (2) reinstate Plaintiff's driver's license; and (3) overturn a child-support order entered by the Fifth

---

[1] Plaintiff also named the Florida Judicial Qualifications Commission ("JQC") as a defendant based on its alleged failure to institute disciplinary actions against a state judge. The JQC filed a motion to dismiss Plaintiff's complaint (Doc. 5), arguing that Plaintiff failed to state a claim upon which relief could be granted.

Judicial Circuit in and for Marion County, Florida, and direct that Plaintiff be refunded payments and awarded damages.

In reviewing the complaint, the Court holds pro se pleadings to a less stringent standard and therefore construes the complaint more liberally.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").  Although courts afford liberal construction to pro se litigants' pleadings, litigants appearing pro se must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (internal quotation marks omitted)).

Even providing Plaintiff's complaint liberal construction, Plaintiff's complaint does not present a single cognizant claim for relief; rather it is a free-flowing, stream-of-consciousness tirade against numerous government officials, many of which appear to have no relation to the conduct of which Plaintiff complains.  Not only does Plaintiff's complaint fail to present a cogent claim, it is also deficient in several other respects.

First, Plaintiff has not demonstrated that this Court has subject matter jurisdiction over his claims.  Plaintiff has neither established a constitutional violation nor a violation

of federal law. Additionally, Plaintiff's complaint essentially requests that the Court act as an appellate tribunal over the state court's child-support decision. Under the *Rooker-Feldman* doctrine,[2] a district court cannot engage in review of state-court decisions, regardless of "how erroneous or unconstitutional the state court judgment may be." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (internal quotation marks omitted). The *Rooker-Feldman* doctrine applies to claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because Plaintiff more or less seeks review of a state-court judgment, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[3]

Second, to the extent Plaintiff seeks monetary damages, several of the defendants are immune from a federal suit seeking monetary damages, such as state-court judges and state and federal agencies. *See, e.g.*, *Bolin v. Story*, 225 F.3d 1234, 1239-40 (11th Cir. 2000) (stating that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction" (internal quotation marks omitted)); *Lawton v. Rosen*, No. 3:12-cv-1390-J-99MMH-JRK, 2013 WL 3974650, at *4 (M.D. Fla. July 31, 2013) (noting that

---

[2] *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

[3] Plaintiff also requested that the Court reinstate his driver's license and direct "agencies" to provide Plaintiff with unspecified information. The Court does not have jurisdiction to award the relief Plaintiff seeks.

Eleventh Amendment immunity protected state agencies from a suit for monetary damages).

Because Plaintiff has failed to state a claim upon which relief could be granted, Plaintiff's complaint should be dismissed. Plaintiff should also note that this Order does not purport to list exhaustively all of the deficiencies of Plaintiff's complaint.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's complaint is DISMISSED without prejudice.

2. Within fourteen (14) days of the date of this Order, Plaintiff may file an amended complaint provided he can state a cognizant claim for relief within the confines of the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. If Plaintiff does not file an amended complaint, this action will be dismissed with prejudice without further notice.

3. Any pending motions are denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of September, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record