**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

WILLIAM ARMSTRONG,

    Plaintiff,

v.                                              Case No: 5:15-cv-303-Oc-30PRL

UNITED STATES OF AMERICA,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court sua sponte. Plaintiff, who is proceeding pro se, filed a complaint on June 17, 2015, raising numerous grievances about a 2011 state-court proceeding regarding Plaintiff's obligation to pay child support. Plaintiff's complaint was riddled with deficiencies, including that it failed to state a basis for this Court's jurisdiction, failed to state a cogent cause of action, and appeared to state claims against parties immune from suit. Consequently, the Court dismissed Plaintiff's complaint without prejudice and provided Plaintiff an opportunity to file an amended complaint. (Doc. 12). On September 23, 2015, Plaintiff filed what purported to be an amended complaint, raising the same arguments and naming as defendants the United States, state and federal agencies, judges, attorneys, and state and federal government employees.[1]

---

[1] Plaintiff named the Florida Judicial Qualifications Commission ("JQC") as a defendant based on its alleged failure to institute disciplinary actions against a state judge. (Doc. 14 at 18-19). The JQC filed a motion to dismiss Plaintiff's amended complaint (Doc. 15), arguing that Plaintiff failed to state a claim upon which relief could be granted.

(Doc. 14). By his amended complaint, Plaintiff alleges that Defendants have violated his rights under the First, Fifth, Eighth, Ninth, and Thirteenth Amendments, and he also alleges that the Defendants conspired to violate his civil rights in violation of 18 U.S.C. §§ 241, 242, 245.[2] Plaintiff's amended complaint suffers from the same infirmities as the original complaint and should be dismissed.

## DISCUSSION

In reviewing a pro se complaint, the Court holds pro se pleadings to a less stringent standard and therefore construes the complaint more liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). Although courts afford liberal construction to pro se litigants' pleadings, litigants appearing pro se must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." (internal quotation marks omitted)).

---

[2]Title 18 U.S.C. §§ 241, 241, 245, are criminal statutes that do not provide for a private cause of action.

Even providing Plaintiff's amended complaint liberal construction, Plaintiff's amended complaint does not present a single cognizant claim for relief; rather, like his original complaint, it is a free-flowing, stream-of-consciousness tirade against numerous state government officials, many of which appear to have no relation to the conduct of which Plaintiff complains. Plaintiff attempted to remedy this deficiency from his previous complaint by asserting that each Defendant violated his constitutional rights and by citing inapplicable federal criminal statutes. But these amendments have not had the effect of stating a cognizable claim for relief.

Plaintiff has also failed to establish this Court's subject matter jurisdiction over his claims. Although Plaintiff cites federal constitutional provisions and federal criminal statutes in his amended complaint, Plaintiff's mere citation to federal law does not establish this Court's subject matter jurisdiction over his claims. The facts provided by Plaintiff do not demonstrate a constitutional violation or a federal law which would give rise to a common law cause of action.

Additionally, as with Plaintiff's original complaint, the amended complaint essentially requests that the Court act as an appellate tribunal over the state court's child-support decision. Under the *Rooker-Feldman* doctrine,[3] a district court cannot engage in review of state-court decisions, regardless of "how erroneous or unconstitutional the state court judgment may be." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (internal quotation marks omitted). The *Rooker-Feldman* doctrine applies to claims

---

[3] *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

"brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because Plaintiff more or less seeks review of a state-court judgment, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

In his amended complaint, Plaintiff does not ask for any specific type of relief, but to the extent he seeks monetary damages, most of the defendants are immune from a federal suit seeking monetary damages, such as state-court judges and state and federal agencies. *See, e.g.*, *Bolin v. Story*, 225 F.3d 1234, 1239-40 (11th Cir. 2000) (stating that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction" (internal quotation marks omitted)); *Lawton v. Rosen*, No. 3:12-cv-1390-J-99MMH-JRK, 2013 WL 3974650, at *4 (M.D. Fla. July 31, 2013) (noting that Eleventh Amendment immunity protected state agencies from a suit for monetary damages).

## **CONCLUSION**

Plaintiff's amended complaint is a jumbled recitation of facts which appear to have no apparent relation to the constitutional violations alleged by Plaintiff. It appears that Plaintiff is displeased with the disposition of child support proceedings held in state court.

This Court is not the forum for Plaintiff to air his grievances with the state court proceedings.[4]

Because Plaintiff's amended complaint fails to state a claim upon which relief could be granted, the amended complaint should be dismissed. Plaintiff should also note that this Order does not purport to list exhaustively all of the deficiencies of the amended complaint.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's amended complaint (Doc. 14) is DISMISSED without prejudice.

2. Plaintiff will be provided a final opportunity to file an amended complaint on the condition that he can state a cognizant claim for relief within the confines of the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. Within fourteen (14) days of the date of this Order, Plaintiff may file a second amended complaint. If Plaintiff does not file a second amended complaint, this action will be dismissed with prejudice without further notice.[5]

3. Any pending motions are denied as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of January, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

---

[4] If Plaintiff seeks review of the state court's child-support decision, his appropriate remedy would have been to file an appeal in the state appellate court encompassing the court that issued the child-support order.

[5] Plaintiff is encouraged to review and consult the "Guide for Proceeding Without a Lawyer," available at www.flmd.uscourts.gov/pro_se/default.htm, before filing a second amended complaint.